1 | Humberto M. Guizar, Esq., (SBN 125769)
*hguizar@ghclegal.com*
2 | Kent M. Henderson, Esq., (SBN 139530)
*hendolaw@gmail.com*
3 | Angel Carrazco, Esq., (SBN 230845)
*angel@carrazcolawapc.com*
4 | Christian Contreras, Esq., (SBN 330269)
*ccontreras@ghclegal.com*
5 | **GUIZAR, HENDERSON & CARRAZCO, L.L.P.**
3500 W. Beverly Blvd.,
6 | Los Angeles, CA 90640
Telephone: (323) 725-1151
7 | Facsimile: (323) 597-0101

8 | Attorneys for Plaintiffs,
I.D.L. and S.B.L., by and through their
9 | Guardian Ad Litem, BEBA LUCAS
Individually, and as Successors in Interest to
10 | ISRAEL LUCAS

**ELECTRONICALLY FILED**
9/1/2020 9:15 AM
Kern County Superior Court
By Candice Rocha, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF KERN

| | |
|---|---|
| I.D.L. and S.B.L., by and through their Guardian Ad Litem, BEBA LUCAS Individually, and as Successors in Interest to ISRAEL LUCAS, | CASE NO.: BCV-20-102074 |
| Plaintiffs, | **COMPLAINT FOR DAMAGES** |
| v. | 1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983); |
| COUNTY OF KERN, a legal subdivision of the State of California; and DOES 1 through 10, inclusive, | 2. Unreasonable Search and Seizure—Excessive Force and Denial of Medical Care (42 U.S.C. § 1983); |
| Defendants. | 3. Substantive Due Process (42 U.S.C. § 1983); |
| | 4. Municipal Liability for Ratification (42 U.S.C. § 1983); |
| | 5. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983); |
| | 6. Battery (Wrongful Death); |
| | 7. Negligence (Wrongful Death); |
| | 8. Violation of Section 52.1 of The California Civil Code (Tom Bane Act Violation) |
| | **DEMAND FOR JURY TRIAL** |

1

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1      **COMPLAINT FOR DAMAGES**

2      1.     Plaintiffs I.D.L. and S.B.L., minor children, individually, and as successors

3 in interest to Decedent ISRAEL LUCAS (hereinafter "DECEDENT"), by and through their

4 Guardian Ad Litem, BEBA LUCAS, in their Complaint against Defendants COUNTY

5 (hereinafter also sometimes referred to as, "COUNTY") and DOE Deputies allege as

6 follows:

7      2.     This action seeks compensatory and punitive damages from individual deputy

8 sheriffs, from senior sheriff's department officials, and from the County of Kern for

9 violations state law and fundamental rights under the United States Constitution in

10 connection with the brutal police shooting and killing of ISRAEL LUCAS on March 21,

11 2020. Decedent ISRAEL LUCAS was shot dead by Defendants, induvial COUNTY Sheriff

12 Deputies, DOES 1 through 5, on March 21, 2020 in Mojave, California.

13      **PARTIES**

14      3.     At all relevant times and up until his death, ISRAEL LUCAS was an

15 individual residing in the County of Kern, California.

16      4.     Plaintiff I.D.L. is a minor individual residing in the Sacramento, California

17 and is the natural born child of Decedent. Plaintiff I.D.L. sues by and through his Guardian

18 Ad Litem, BEBA LUCAS, in his individual capacity as the child of DECEDENT and in a

19 representative capacity as a successor-in-interest to DECEDENT and THE ESTATE OF

20 ISRAEL LUCAS pursuant to California C.C.P. Section 377.32. Plaintiff I.D.L. is an "heir

21 at law" (C.C.P. Section 373.60, wrongful death) and a "successor-in-interest" (C.C.P.

22 Section 377.30, survival) to Decedent ISRAEL LUCAS. Plaintiff I.D.L. seeks both

23 wrongful death and survival damages under federal and state law. Plaintiff I.D.L. seeks all

24 damages available under federal and state law including under C.C.P. Section 373.60

25 (wrongful death); C.C.P. Section 373.30 (survival) and under federal law for wrongful death

26 and survival. The damages sought by Plaintiff I.D.L. for the death of his father, ISRAEL

27 LUCAS, include for loss of DECEDENT's love, companionship, comfort, care, assistance,

28 protection, affection, society, moral support; loss of financial support and earning capacity;

1   loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of
2   household services; loss of relationship with DECEDENT, including loss of society and
3   companionship and the mental, physical and emotional pain and suffering of DECEDENT
4   and all other damages allowed under federal and state law. Plaintiff the ESTATE OF
5   ISRAEL LUCAS appears through its successor-in-interest, the Plaintiff I.D.L. a minor,
6   through his Guardian Ad Litem, BEBA LUCAS, named herein.

7       5.      Plaintiff S.B.L. is a minor individual residing in the Sacramento, California
8   and is the natural born child of Decedent. Plaintiff S.B.L. sues by and through his Guardian
9   Ad Litem, BEBA LUCAS, in his individual capacity as the child of DECEDENT and in a
10  representative capacity as a successor-in-interest to DECEDENT and THE ESTATE OF
11  ISRAEL LUCAS pursuant to California C.C.P. Section 377.32. Plaintiff S.B.L. is an "heir
12  at law" (C.C.P. Section 373.60, wrongful death) and a "successor-in-interest" (C.C.P.
13  Section 377.30, survival) to Decedent ISRAEL LUCAS. Plaintiff S.B.L. seeks both
14  wrongful death and survival damages under federal and state law. Plaintiff S.B.L. seeks all
15  damages available under federal and state law including under C.C.P. Section 373.60
16  (wrongful death); C.C.P. Section 373.30 (survival) and under federal law for wrongful death
17  and survival. The damages sought by Plaintiff S.B.L. for the death of his father, ISRAEL
18  LUCAS, include for loss of DECEDENT's love, companionship, comfort, care, assistance,
19  protection, affection, society, moral support; loss of financial support and earning capacity;
20  loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of
21  household services; loss of relationship with DECEDENT, including loss of society and
22  companionship and the mental, physical and emotional pain and suffering of DECEDENT
23  and all other damages allowed under federal and state law. Plaintiff the ESTATE OF
24  ISRAEL LUCAS appears through its successor-in-interest, the Plaintiff S.B.L. a minor,
25  through his Guardian Ad Litem, BEBA LUCAS, named herein.

26      6.      Defendant COUNTY is a chartered subdivision of the State of California with
27  the capacity to sue and be sued. Defendant COUNTY is responsible for the actions,
28  omissions, policies, procedures, practices and customs of its various agents and agencies.

1   including the KERN COUNTY SHERIFF'S DEPARTMENT (hereinafter "KCSD"), and
2   its agents and employees. At all times relevant to the facts alleged herein. Defendant
3   COUNTY was responsible for assuring that the actions, omissions, policies, procedures,
4   practices and customs of the KCSD and its employees and agents complied with the laws
5   and the Constitution of the United States and of the State of California.

6       7.    At all relevant times, Defendants DOE DEPUTIES, and Does 1 Through 10
7   were employees of the KCSD. At all times relevant, Defendants DOE DEPUTIES, and each
8   of the defendants Does 1 Through 10 were an employee and/or agent of defendant
9   COUNTY and each of these individual defendants acted under color of law, to wit, under
10  the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant
11  COUNTY and the KCSD, as well as under the color of the statutes and regulations of the
12  State of California.

13      8.    At all relevant times, Defendants DOE DEPUTIES, and each of the
14  Defendant's Does 1 Through 10 were acting within his or her capacity as an employee,
15  agent, representative and/or servant of COUNTY.

16      9.    Defendants DOE DEPUTIES and Does 1 Through 5 are sued in their
17  individual capacities for damages only.

18      10.    On information and belief, at all relevant times, Defendants DOE DEPUTIES,
19  and Does 1 Through 10, inclusive, were residents of County of Kern, California. Defendants
20  DOE DEPUTIES, and Does 1 through 10, are sued herein in their individual and/or
21  representative capacity and/or in their capacity as employees and agents of Defendant
22  COUNTY.

23      11.    At all relevant times, Defendants DOE DEPUTIES, and Does 1 Through 10,
24  inclusive, were duly authorized employees and agents of COUNTY, who were acting under
25  color of law within the course and scope of their individual and/or representative capacities
26  and respective duties as deputies and law enforcement agents and with the complete
27  authority and ratification of their principal, Defendant COUNTY.

28  ///

4

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1    12.    In doing the acts and failing and omitting to act as hereinafter described,

2  Defendants DOE DEPUTIES, and Does 1 Through 10 were acting on the implied and actual

3  permission and consent of COUNTY.

4    13.    The true names of defendants Does 1 Through 10, inclusive, are unknown to

5  Plaintiffs, who therefore sues these defendants by such fictitious names. Plaintiffs will seek

6  leave to amend this complaint to show the true names and capacities of these defendants

7  when they have been ascertained. Each of the fictitious named defendants is responsible in

8  some manner for the conduct and liabilities alleged herein.

9    14.    At all times relevant to the facts alleged herein, Defendants, including Does

10 are duly appointed, qualified and acting officers, employees, and/or agents of COUNTY

11 and KCSD, employed as such by Defendants, and acting within the course and scope of

12 their employment and/or agency and under color of state law. Each of the Defendants and

13 Doe Defendants caused and is responsible for the unlawful conduct and resulting by, inter

14 alia, personally participating in the conduct, or acting jointly and in concert with others who

15 did so by authorizing, acquiescing, condoning, acting, omitting or failing to take action to

16 prevent the unlawful conduct by promulgating or failing to promulgate policies and

17 procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with

18 deliberate indifference to Plaintiffs' rights, to initiate and maintain adequate supervision,

19 security, training, compliance with responsibilities and duties, and staffing; by failing to

20 maintain proper and adequate policies, procedures and protocols; and by ratifying and

21 condoning the unlawful conduct performed by agents and officers, deputies, and employees

22 under their direction and control.

23    15.    Each of the Defendants caused and is responsible for the unlawful conduct

24 and resulting, by, inter alia, personally participating in the conduct, or acting jointly and in

25 concert with others who did so; by authorizing, acquiescing or failing to take action to

26 prevent the unlawful conduct; by promulgating policies and procedures pursuant to which

27 the unlawful conduct occurred; by failing and refusing, with deliberate indifference to

28 Plaintiffs and DECEDENT's rights, to initiate and maintain adequate supervision and/or

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1  training; and, by ratifying the unlawful conduct that occurred by agents and peace officers
2  under their direction and control. Whenever and wherever reference is made in this
3  Complaint to any act by a Defendant, such allegation and reference shall also be deemed to
4  mean the acts and failures to act of each Defendant individually, joint, and severally. They
5  are sued in their individual and official capacities and in some manner are responsible for
6  the acts and omissions alleged herein. Plaintiffs will ask leave of this Court to amend this
7  Complaint to allege such name and responsibility when that information is ascertained.
8  Each of Defendants is the agent of the other and the actions of each of the Defendants were
9  ratified by the other Defendants.

10      16.    Whenever and wherever reference is made in this Complaint to any act by
11  Defendants and Doe Defendants, such allegations and references shall also be deemed to
12  mean the acts and failures to act of each Defendants individually, jointly or severally.

13  **JURISDICTION AND VENUE**

14      17.    This action is properly filed in the Kern County Superior Court, as it is a
15  wrongful death case and seeks remedies under state law for the wrongful death of the
16  Decedent, ISRAEL LUCAS, as well as his two minor children, Plaintiffs I.D.L. and S.B.L.
17  Furthermore, this civil action is brought by Plaintiffs for the redress of alleged depravations
18  of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth
19  and Fourteenth Amendment of the United States Constitution, and the California
20  Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

21      18.    Venue is proper in this Court because defendants reside in, and in all
22  incidents, events, and occurrences giving rise to this action occurred in, the County of Kern,
23  California. Plaintiffs herein timely and properly filed tort claims pursuant to Cal. Gov. Code
24  § 910 et seq., and this action is timely filed within all applicable statutes of limitations.

25  **FACTUAL ALLEGATIONS**

26      19.    Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs
27  of this Complaint with same force and effect as if fully set forth herein.

28  *///*

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1      20.    On March 21, 2020 at approximately 11:30 A.M., Decedent, ISRAEL

2    LUCAS was leaving a Family Dollar Store located in the 2300 block of Highway 58 in

3    Mojave.

4      21.    Upon information and belief, while ISRAEL LUCAS was leaving the Family

5    Dollar Store, Kern County Sheriffs were called because ISRAEL LUCAS allegedly was no

6    longer welcomed at the Family Dollar Store.

7      22.    Upon information and belied, when Kern County Sheriffs, DOE DEPUTIES,

8    arrived to the scene, ISRAEL LUCAS was already outside of the Family Dollar store, not

9    committing a crime, not threatening anyone, not doing anything to present a danger to the

10    public.

11      23.    According to KCSD, when DOE DEPUTIES arrived, the deputies contacted

12    ISRAEL LUCAS. During the interaction, KCSD were aggressive, abrasive, and escalated

13    the situation to a point where a physical altercation occurred.

14      24.    Upon information and belief, ISRAEL LUCAS did not voluntarily speak with

15    DOE DEPUTIES and did not consent to be seized or be searched by DOE DEPUTIES.

16      25.    Upon information and belief, shaken and shocked by the aggressive approach

17    by DOE DEPUTIES, ISRAEL LUCAS became scared.

18      26.    Upon information and belief, ISRAEL LUCAS was unarmed, he did not have

19    a firearm, he did not have a knife, he did not possess any object whatsoever which would

20    cause harm to anyone.

21      27.    In spite of ISRAEL LUCAS not presenting a danger to the public or KCSD

22    deputies and without any reason whatsoever and without provocation, DOE DEPUTIES

23    shot and killed ISRAEL LUCAS.

24      28.    Upon information and belief, no crime was in progress when DOE

25    DEPUTIES and another COUNTY Sheriff Deputies initially approached ISRAEL LUCAS.

26      29.    Decedent sustained injuries, pain, and suffering, and death when he was shot

27    dead by Defendants DOE DEPUTIES who were acting under color of law, in their

28    individual and official capacities and as employee of COUNTY. ISRAEL LUCAS was

1   unarmed and at the time of the shooting posed no imminent threat of death or serious bodily

2   injury to any person and the force that was used by Defendants DOE DEPUTIES was

3   unreasonable. excessive deadly force.

4        30.    Upon information and belief. after being shot. DECEDENT collapsed.

5   became immobile. and was bleeding profusely in obvious critical need of immediate

6   emergency care and treatment. Instead of immediately providing or facilitating emergency

7   care and treatment, Decedent's need for immediate medical care was ignored. Defendants

8   DOE DEPUTIES did not timely summon medical care or permit medical personnel to treat

9   DECEDENT. The delay of medical care to DECEDENT caused DECEDENT extreme

10  physical and emotional pain and suffering and was a contributing cause of DECEDENT's

11  death. ISRAEL LUCAS died at the scene of the shooting.

12       31.    Both prior to and during the time in which DECEDENT was shot at by

13  Defendants DOE DEPUTIES. ISRAEL LUCAS made no aggressive movements. no furtive

14  gestures. and no physical movements which would suggest to a reasonable peace officer

15  that the DECEDENT was armed with any kind of weapon. or had the will. or the ability to

16  inflict substantial bodily harm against any individual. deputy or member of the public.

17       32.    Upon information and belief. Defendants DOE DEPUTIES did not warn

18  Decedent that they were about to shoot him.

19       33.    As a result of DEFENDANTS' conduct, stated above. Plaintiffs are entitled

20  to damages.

21       34.    The conduct Defendants DOE DEPUTIES was willful. wanton. malicious.

22  and done with reckless disregard for the rights and safety of DECEDENT and therefore

23  warrants the imposition of exemplary and punitive damages against each and every

24  aforementioned Defendant.

25  ///

26  ///

27  ///

28  ///

PLAINTIFFS' COMPLAINT FOR DAMAGES

**FIRST CAUSE OF ACTION**

**UNREASONABLE SEARCH AND SEIZURE —**

**DENTENTION AND ARREST**

**(42 U.S.C. § 1983)**

**(By Plaintiffs against all Defendants)**

35.   Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

36.   Defendants DOE DEPUTIES attempted to detain or detained DECEDENT without reasonable suspicion and arrested him without probable cause.

37.   When Defendants DOE DEPUTIES attempted to physically restrain DECEDENT, they violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

38.   When Defendants DOE DEPUTIES attempted to arrest DECEDENT without probable cause that ISRAEL LUCAS committed a crim, they violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the

United States Constitution and applied to state actors by the Fourteenth Amendment.

39.   Defendants' conduct was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES.

40.   As a result of their misconduct, Defendants DOE DEPUTIES are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

41.   The conduct of Defendants DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE

1  DEPUTIES.

2  ## SECOND CAUSE OF ACTION

3  ## UNREASONABLE SEARCH AND SEIZURE — UNREASONABLE AND/OR
4  ## EXCESSIVE FORCE & DENIAL OF MEDICAL CARE
5  ### (42 U.S.C. § 1983)
6  **(By Plaintiffs against all Defendants)**

7  42.  Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs
8  of this Complaint with same force and effect as if fully set forth herein.

9  43.  The shooting of Decedent ISRAEL LUCAS by Defendant DOE DEPUTIES
10  deprived DECEDENT of his right to be secure in his person against unreasonable searches
11  and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United
12  States Constitution and applied to state actors by the Fourteenth Amendment.

13  44.  On March 21, 2020, Defendants DOE DEPUTIES, acting in their individual
14  and/or representative capacity, in the course and scope of his employment with Defendant
15  KCSD, acting under color of law, used unreasonable and excessive deadly force and
16  violated the Constitutional Rights of DECEDENT when they shot and killed DECEDENT,
17  ISRAEL LUCAS who did not present an imminent threat of death or serious bodily injury,
18  and the deadly force used by Defendant DOE DEPUTIES, was objectively unreasonable
19  and therefore in violation of 42 U.S.C. Section 1983.

20  45.  The foundation of the Fourth Amendment is reasonableness, the deadly force
21  used on DECEDENT was fundamentally unreasonable and in violation of DECEDENT's
22  Fourth Amendment right to be secure in his person against an unreasonable searches and
23  seizures.

24  46.  By virtue of their misconduct, Defendants DOE DEPUTIES are liable for
25  DECEDENT's tragic death, either because these Defendants were integral participants in
26  the use of deadly and excessive force, or because they failed to intervene to prevent these
27  violations.

28  ///

10

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

47.     Furthermore, Defendants DOE DEPUTIES knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but nevertheless disregarded his serious medical needs, causing him great bodily harm, physical and emotional pain and suffering, and death.

48.     This use of deadly force by Defendants was excessive and objectively unreasonable under the circumstances. Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

49.     The conduct of Defendants DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES.

### THIRD CAUSE OF ACTION

### VIOLATION OF SUBSTANTIVE DUE PROCESS

### (42 U.S.C. § 1983)

### (By Plaintiffs against all Defendants)

50.     Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

51.     Plaintiffs I.D.L., as a surviving child, S.B.L., as a surviving child, of Decedent ISRAEL LUCAS, had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them life, liberty, or property in such a manner as to shock the conscience by being deliberately indifferent to the constitutional rights of the DECEDENT and/or by being a purpose to harm unrelated to any legitimate law enforcement objective, including but not limited to unwarranted state interference in Plaintiff's familial relationship with their father, DECEDENT ISRAEL LUCAS.

52.     DECEDENT ISRAEL LUCAS had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free

11

1   from state actions that would deprive him of life, liberty, or property in such a manner as to
2   shock the conscience by being deliberately indifferent to the constitutional rights of the
3   DECEDENT and/or by being a purpose to harm unrelated to any legitimate law
4   enforcement objective.

5        53.   The actions of Defendants DOE DEPUTIES, and Does 1 through 10,
6   inclusive, along with other undiscovered conduct, violated the Due Process Clause of the
7   Fourteenth Amendment, shocked the conscience, and interfered with the familial
8   relationship of DECEDENT and Plaintiffs I.D.L. and S.B.L., in that said Defendants had
9   time to deliberate and then used deadly force that shocks the conscience and with a purpose
10  to harm unrelated to any legitimate law enforcement objective in violation of 42 U.S.C.
11  Section 1983 in violation of the constitutional rights of DECEDENT and Plaintiffs I.D.L.
12  and S.B.L.

13       54.   Defendants DOE DEPUTIES, and Does 1 through 10, inclusive, thus violated
14  the substantive due process rights of Plaintiffs I.D.L. and S.B.L. to be free from unwarranted
15  interference with their familial relationship with DECEDENT.

16       55.   As a direct and proximate result of the actions of Defendants, Plaintiffs I.D.L.,
17  and S.B.L., suffered the loss of their beloved father, DECEDENT ISRAEL LUCAS,
18  including damages for the loss of DECEDENT's life-long love, companionship, comfort,
19  care, assistance, protection, affection, society, moral support; loss of financial support,
20  sustenance and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss
21  of the reasonable value of household services; loss of relationship with DECEDENT,
22  including loss of society and companionship.

23       56.   As a direct and proximate result of the actions of Defendants, Plaintiffs I.D.L.,
24  and S.B.L., as successors in interest to the Estate of Decedent ISRAEL LUCAS, claim
25  damages for the loss of the life of Decedent "where by virtue of death the victim cannot be
26  made whole" for the pre-morbid physical, mental and emotional pain and suffering, anxiety,
27  emotional distress, fear of impending death suffered by DECEDENT in being threatened
28  by and then shot to death by Defendants and all other damages allowed under federal and

1    state law.

2        57.    As a direct and proximate result of the actions of Defendants, Plaintiffs I.D.L.

3    and S.B.L., as successors in interest to the ESTATE OF DECEDENT ISRAEL LUCAS,

4    also claim as damages the loss of the value and enjoyment of the life of ISRAEL LUCAS

5    to himself in that his life was cut short by Defendants and DECEDENT ISRAEL was an

6    otherwise healthy 30-year-old man who had approximately 53 years of remaining life

7    expectancy at the time of his death. Plaintiffs I.D.L. and S.B.L. by this action, further claims

8    all of Plaintiffs' attorneys' fees and costs incurred and to be incurred in Plaintiffs presenting

9    maintaining and prosecuting this action under 42 U.S.C. Section 1988.

10        58.    The conduct of DOE DEPUTIES, and Does 1 through 10, inclusive, was

11    willful, wanton, malicious, and done with reckless disregard for the rights and safety of

12    DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive

13    damages as to DOE DEPUTIES, and Does 1 through 10, inclusive.

## FOURTH CAUSE OF ACTION

## MUNICIPAL LIABILITY FOR RATIFICATION

### (42 U.S.C. § 1983)

### (By Plaintiffs Against COUNTY, and does 6-10)

18        59.    Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs

19    of this Complaint with same force and effect as if fully set forth herein

20        60.    Defendants DOE DEPUTIES acted under color of law.

21        61.    The acts of the individual defendants deprived DECEDENT and Plaintiffs of

22    their particular rights under the United States Constitution.

23        62.    Upon information and belief, a final policymaker, acting under color of law,

24    who had final policymaking authority concerning the acts of the individual defendants,

25    ratified the acts of the defendants' acts and the bases for them. Upon information and belief,

26    the final policymaker knew of and specifically approved of the individual defendants' acts.

27        63.    Upon information and belief, a final policymaker has determined (or will

28    determine) that the acts of the individual defendants were "within policy."

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1   64.   By reason of the aforementioned acts and omissions, Plaintiffs I.D.L. and

2   S.B.L. suffered loss of the love, companionship, affection, comfort, care, society, training,

3   guidance, and support of DECEDENT. The aforementioned acts and omissions also caused

4   DECEDENT's pain and suffering, loss of enjoyment of life, and death.

5   65.   Accordingly, Defendants DOE DEPUTIES each are liable to Plaintiffs for

6   compensatory damages under 42 U.S.C. § 1983.

7   **FIFTH CAUSE OF ACTION**

8   **MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL**

9   **CUSTOM OR POLICY**

10   **(42 U.S.C. § 1983)**

11   **(By Plaintiffs Against COUNTY, and does 6-10)**

12   66.   Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs

13   of this Complaint with same force and effect as if fully set forth herein

14   67.   On information and belief, Defendants DOE DEPUTIES, and Does 1 through

15   10, inclusive unjustified shooting of DECEDENT was found to be within KERN COUNTY

16   SHERIFF'S DEPARTMENT policy.

17   68.   On information and belief, Defendants DOE DEPUTIES, and Does 1 through

18   10, inclusive, unjustified shooting of DECEDENT was ratified by KERN COUNTY

19   supervisorial officers.

20   69.   On information and belief, Defendants DOE DEPUTIES, and Does 1 through

21   10, inclusive, were not disciplined for the unjustified shooting of DECEDENT.

22   70.   On and for some time prior to March 21, 2020 (and continuing to the present

23   date), Defendants COUNTY and DOES 1-10, acting with gross negligence and with

24   reckless and deliberate indifference to the rights and liberties of the public in general, and

25   of Plaintiffs and DECEDENT, and of persons in their class, situation and comparable

26   position in particular, knowingly maintained, enforced and applied an official recognized

27   custom, policy, and practice of:

28   ///

A. Employing and retaining as deputy sheriffs and other personnel, including Defendants DOE DEPUTIES, whom Defendants COUNTY and Does 1-10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written KCSD policies, including the use of excessive force;

B. Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY employees and other personnel, including Defendants DOE DEPUTIES, whom Defendants COUNTY and Does 1-10 knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

C. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants DOE DEPUTIES, who are sheriff deputies and/or agents of COUNTY;

D. By failing to discipline COUNTY sheriff deputies' and/or agents' conduct, including but not limited to, unlawful detention and excessive force;

E. By ratifying the intentional misconduct of DOE DEPUTIES and other COUNTY sheriff deputies' and/ or agents, who are COUNTY sheriff deputies' and/or agents of COUNTY;

F. By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of Defendants COUNTY and Does 1-10 were maintained with a deliberate indifference to individuals' safety and rights; and

///

1                  G. By failing to properly investigate claims of unlawful detention and excessive
2                      force by COUNTY sheriff deputies.

3       71.     By reason of the aforementioned policies and practices of Defendants
4  COUNTY and DOES 1-10, DECEDENT was severely injured and subjected to pain and
5  suffering and ultimately, lost his life. The aforementioned policies and practices of
6  Defendants, including the custom, policy and practice of Defendant COUNTY in allowing
7  its peace officers to use unjustified, excessive and unreasonable deadly force in shooting
8  unarmed persons who had fired no shots with no punishment for the involved peace officers
9  was a moving force that caused Defendants DOE DEPUTIES to use unreasonable deadly
10 force on DECEDENT, who was also unarmed and fired no shots at Defendants nor
11 otherwise, presented an imminent danger to Defendants or others.

12      72.     Defendants COUNTY and DOES 1-10, together with various other officials,
13 whether named or unnamed, had either actual or constructive knowledge of the deficient
14 policies, practices and customs alleged in the paragraphs above. Despite having knowledge
15 as stated above, these defendants condoned, tolerated and through actions and inactions
16 thereby ratified such policies. Said defendants also acted with deliberate indifference to the
17 foreseeable effects and consequences of these policies with respect to the constitutional
18 rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

19      73.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct
20 and other wrongful acts, Defendants Does 1-10 acted with intentional, reckless, and callous
21 disregard for the life of DECEDENT and for DECEDENT's and Plaintiffs' constitutional
22 rights. Furthermore, the policies, practices, and customs implemented, maintained, and still
23 tolerated by Defendants COUNTY and Does 1-10 were affirmatively linked to and were a
24 significantly influential force behind the injuries of DECEDENT and Plaintiffs.

25      74.     The actions of each of Defendants Does 1-10 were willful, wanton,
26 oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any
27 person of normal sensibilities, and therefore warrants the imposition of exemplary and
28 punitive damages as to Defendants Does 1-10.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1    75.    By reason of the aforementioned acts and omissions of Defendants COUNTY

2    and Does 1-10. Plaintiffs were caused to incur damages as stated elsewhere herein.

3    76.    By reason of the aforementioned acts and omissions of Defendants COUNTY

4    and Does 1-10. Plaintiffs have suffered loss of love. companionship. affection. comfort.

5    care. society. and future support.

6    77.    Accordingly. Defendants COUTNY and Does 1-10 each are liable to

7    Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

8    78.    Plaintiffs seek both wrongful death damages and survival damages under this

9    claim. Plaintiffs further claim all of Plaintiffs' attorneys' fees and costs incurred and to be

10   incurred in Plaintiffs presenting, maintaining and prosecuting this action under 42 U.S.C.

11   Section 1988.

12                              **SIXTH CAUSE OF ACTION**

13                         **BATTERY CAUSING WRONGFUL DEATH**

14                  **(Cal. Govt. Code §815; 820 and California Common Law)**

15             **(By Plaintiffs Against All Defendants including DOES 1 through 10)**

16   79.    Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs

17   of this Complaint with same force and effect as if fully set forth herein.

18   80.    Defendants DOE DEPUTIES. and DOES 1 through 10. inclusive. while

19   working as deputies for COUNTY OF KERN. and acting within the course and scope of

20   their duties. intentionally shot DECEDENT ISRAEL LUCAS. Defendants DOE

21   DEPUTIES. and DOES 1 through 10. inclusive had no legal justification for using force

22   against DECEDENT and the use of force was excessive and unreasonable.

23   81.    At all times herein mentioned. law enforcement officers in California were

24   only allowed to use necessary force reasonable force to effect an arrest. prevent escape or

25   overcome resistance. Defendants DOE DEPUTIES and DOES 1 through 10. inclusive

26   committed an unconsented touching of DECEDENT and battered him when they used

27   unreasonable and excessive deadly force when they shot DECEDENT to death.

28   ///

82.   As a direct and proximate result of the actions of Defendants. Plaintiffs I.D.L. and S.B.L. suffered the loss of their father, DECEDENT ISRAEL LUCAS, including damages for the loss of DECEDENT's life-long love. companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance; loss of financial support, sustenance and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household services; loss of relationship with DECEDENT, including loss of society and companionship and all other damages allowed under state law, including under California's "Wrongful Death" statue, California Code of Civil Procedure Section 377.60, et seq. and CACI 3921 "Wrongful Death (Death of an Adult)."

83.   COUNTY OF KERN is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES, and DOES 1 through 10, inclusive, pursuant to section 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability. Plaintiffs I.D.L. and S.B.L. bring their claim each individually as an heir at law of DECEDENT in wrongful death and as successor-in-interest to the DECEDENT and to The ESTATE OF ISRAEL LUCAS. and in each case, seeks both survival and wrongful death damages for the violation of DECEDENT's rights.

84.   The conduct of Defendants DOE DEPUTIES. and DOES 1 through 10, inclusive, and was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs I.D.L. and S.B.L. in each case individually and as a successors-in-interest to Decedent, to an award of exemplary and punitive damages as to Defendants DOE DEPUTIES and DOES 1 through 10, inclusive.

## SEVENTH CAUSE OF ACTION
## NEGLIGENCE CAUSING WRONGFUL DEATH
### (By Plaintiffs against All Defendants)

85.   Plaintiffs repeat and re-allege each allegation in all the preceding

18

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1    paragraphs of this Complaint with same force and effect as if fully set forth herein.

2         86.    The actions and inactions of Defendants, including the actions of Defendants
3    DOE DEPUTIES, and DOES 1 through 10, inclusive, were negligent and reckless. At all
4    times herein mentioned, among other things, Defendants DOE DEPUTIES, and DOES 1
5    through 10, inclusive owed a duty to follow California law that provides that "Law
6    enforcement personnel's tactical conduct and decisions preceding the use of deadly force
7    are relevant considerations under California law in determining whether the use of deadly
8    force gives rise to negligence liability. Such liability can arise, for example, if the tactical
9    conduct and decisions show, as part of the totality of circumstances, that the use of deadly
10   force was unreasonable." Defendants DOE DEPUTIES, and DOES 1 through 10, inclusive,
11   breached their duty and were negligent and unreasonable in their actions and inactions
12   which included but are not limited to:

13        A.  The failure to properly and adequately assess the need to detain, arrest, and use
14            force or deadly force against DECEDENT ISRAEL LUCAS;

15        B.  The negligent tactics and handling of the situation with DECEDENT ISRAEL
16            LUCAS, including pre-shooting negligence;

17        C.  The failure to use alternative means to take into custody including, but not limited
18            to, time, space, verbalization, commands, hands on grappling, non-deadly impact
19            weapons, less-than-lethal weapons and less-than-lethal force;

20        D.  The negligent detention, arrest, and use of force, including deadly force, against
21            DECEDENT ISRAEL LUCAS;

22        E.  The failure to provide prompt medical care to DECEDENT ISRAEL LUCAS;

23        F.  The failure to properly train and supervise employees, both professional and non-
24            professional, including Defendants DOE DEPUTIES, and DOES 1 through 10,
25            inclusive, including, but not limited to the failure to train to follow the KCSD
26            Manual of Policies and Procedures;

27        G.  The failure to ensure that adequate numbers of employees with appropriate
28            education and training were available to meet the needs of and protect the rights

of DECEDENT ISRAEL LUCAS; and

H. The violation of Defendant KCSD Department Manual of Policies, Procedures and training regarding foot pursuits, tactics and use of force; violation of other portions of the Manual, tactics and training and the failure to follow Police Officer Standards and Training (POST) guidelines and learning domains in regards to foot pursuits, tactics and use of force.

87.     As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity.

88.     As a direct and proximate result of the actions of Defendants, Plaintiffs I.D.L. and S.B.L. suffered the loss of their father, DECEDENT ISRAEL LUCAS, including damages for the loss of DECEDENT's life-long love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance; loss of financial support, sustenance and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household services; loss of relationship with Decedent, including loss of society and companionship and all other damages allowed under state law, including under California's "Wrongful Death" statue. California Code of Civil Procedure Section 377.60, et seq. and CACI 3921 "Wrongful Death (Death of an Adult)."

89.     The COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES, and DOES 1 through 10, inclusive, pursuant to sections 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

90.     The conduct of Defendants DOE DEPUTIES, and DOES 1 through 10, inclusive, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as successor-in-interest to DECEDENT, to an award of exemplary and punitive damages as to individual Defendants DOE DEPUTIES, and DOES 1 through 10, inclusive.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1    91.    Plaintiffs I.D.L. and S.B.L. bring their claim, individually as an heirs at law

2    of DECEDENT in wrongful death and as successors-in-interest to the DECEDENT and to

3    The ESTATE OF ISRAEL LUCAS, and in each case, seeks both survival and wrongful

4    death damages for the violation of DECEDENT's rights.

5                            **EIGHTH CAUSE OF ACTION**

6              **VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1**

7                            **(Tom Bane Act Violations)**

8                         **(By Plaintiffs against All Defendant)**

9    92.    Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs

10   of this Complaint with same force and effect as if fully set forth herein.

11   93.    This action is brought pursuant to section 52.1 of the California Civil Code.

12   The present action is also brought pursuant to section 820 and 815.2 of the Government

13   Code. Pursuant to section 820 of the California Government Code, as a public employee,

14   Defendants DOE DEPUTIES, and DOES 1 through 10, inclusive, are liable for injuries

15   caused by their acts or omissions to the same extent as a private person.

16   94.    At all times mentioned herein, Defendants DOE DEPUTIES, and DOES 1

17   through 10, inclusive, were acting within the course and scope of their employment and/or

18   agency with defendant COUNTY OF KERN. As such defendant COUNTY OF KERN is

19   liable in respondent superior for the injuries caused by the acts and omissions of Defendants

20   DOE DEPUTIES, and DOES 1 through 10, inclusive, pursuant to section 815.2 of the

21   California Government Code.

22   95.    DECEDENT ISRAEL LUCAS was subjected to excessive force by

23   Defendants DOE DEPUTIES, and DOES 1 through 10, inclusive, in the form of gunshots

24   fired by said defendants which struck ISRAEL LUCAS and caused him serious personal

25   injuries from which he eventually died. The shooting was unreasonable and unwarranted as

26   the circumstances under which the shooting occurred did not require the use of any force

27   whatsoever. As an unreasonable use of force, the shooting constituted a violation of

28   ISRAEL LUCAS constitutional rights against unreasonable searches and seizures protected

1    by the Constitution of the State of California.

2         96.    All of the above acts and omissions of Defendants DOE DEPUTIES, and

3    DOES 1 through 10, inclusive were willful, wanton, malicious and oppressive thereby

4    justifying the awarding of exemplary and punitive damages to Plaintiffs as to said

5    defendants.

6         97.    As a proximate result of the acts of Defendants DOE DEPUTIES, and DOES

7    1 through 10, inclusive, ISRAEL LUCAS suffered multiple gunshot wounds which caused

8    him severe injuries from which he eventually died.

9         98.    The above acts of defendants violated ISRAEL LUCAS' civil rights as

10   protected by section 52.1 of the Civil Code.

11        99.    As such, Plaintiffs I.D.L. and S.B.L. are entitled to compensatory damages

12   according to proof, including those permitted by Section 52 of the Civil Code, punitive and

13   exemplary damages, the costs of suit incurred in this action, reasonable attorney's fees as

14   permitted by the Civil Code section 51.7 and 52, and any other additional relief that the

15   court deems proper.

16                            **PRAYER FOR RELIEF**

17        WHEREFORE, Plaintiffs requests entry of judgment in their favor and against

18   Defendants as follows:

19   A. For compensatory damages, for wrongful death including damages for the loss of

20        DECEDENT's life-long love, companionship, comfort, care, assistance, protection,

21        affection, society; moral support; and the loss of relationship with Decedent,

22        including loss of society, familial relationship and companionship in an amount

23        according to proof at the time of trial;

24   B. For compensatory damages, for Survival for the mental, physical and emotional pain

25        and suffering of DECEDENT in an amount according to proof at the time of trial;

26   C. For loss of financial support, sustenance and earning capacity in an amount

27        according to proof at the time of trial;

28   D. For loss of gifts and benefits in an amount according to proof at the time of trial;

22

E. For punitive damages against the individual defendants in an amount to be proven at trial;

F. For interest;

G. For reasonable costs of this suit and attorneys' fees, including pursuant to 42 U.S.C. § 1988;

H. For reasonable costs of this suit and attorneys' fees, including pursuant to the Tom Bane Act and other state statutes;

I. For all other damages allowed under federal and state law and;

J. For such further other relief as the Court may deem just, proper, and appropriate.

Respectfully Submitted,

Dated: August 31, 2020          **GUIZAR, HENDERSON & CARRAZCO, LLP**

By: _____
      HUMBERTO GUIZAR
      CHRISTIAN CONTRERAS
      Attorney for Plaintiffs,
      I.D.L. and S.B.L., by and through their
      guardian ad litem, individually, and as
      successors in interest to ISRAEL LUCAS

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: August 31, 2020          **GUIZAR, HENDERSON & CARRAZCO, LLP**

By: _____
      HUMBERTO GUIZAR
      CHRISTIAN CONTRERAS
      Attorney for Plaintiffs,
      I.D.L. and S.B.L., by and through their
      guardian ad litem, individually, and as
      successors in interest to ISRAEL LUCAS

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

RECEIVED
COUNTY COUNSEL
2020 SEP 14  PM 2:08